WILLIAM A. TURNEY *et al.,* Plaintiffs in Error, *v.* NANCY J. TURNEY, Adm'x, etc., Defendant in Error.

ERROR TO JO DAVIESS.

The application by an administrator to sell real estate must be made at the term specified in the notice published by him.

If not made at that term, the proceeding is abated, and the parties in interest must be brought into court by another notice, before any further steps can be taken.

The petition must give the names of the heirs who are the owners of the land sought to be sold, and it is error for the court to grant leave to amend the petition without notice to the heirs or their guardians.

THIS was an application by defendant in error, as administratrix of the estate of John Turney, deceased, for the sale of the real estate of the decedent, to pay debts. The material facts are stated in the opinion. The court entered an order of sale, as sought by the administratrix. Afterwards, leave was granted to amend the petition, as stated in the opinion, and a further order of sale. The heirs now bring the cause to this court, asking that the decree may be reversed, so far as it is still unexecuted.

M. HAY, for Plaintiffs in Error.

W. D. GOUDY, for Defendant in Error.

WALKER, J. The plaintiffs in error in this case only seek by this proceeding to reverse the decree of the court below, in so far as it remains unexecuted. And they have filed a stipulation that the errors assigned upon the record are not to be considered, so far as they relate to sales already made under the decree. We shall, therefore, proceed to examine and determine whether the decree was warranted under the notice and petition filed in the court below.

The notice given by the administratrix, that she would apply for license to sell real estate, whether sufficient, or not, was that the application would be made at July term, 1847. It and the petition were, however, not filed until the following September term of the court.

When the parties had been notified and required to appear at the July term of the court, the presumption is, that they then attended to show cause, and no steps being then taken to procure the order for a sale, the notice or petition not being filed, they were, by no rule of practice, required to take notice that steps would be taken at a subsequent term. By failing to file

40

the notice and petition, and to have the cause docketed at the July term, the proceeding was abated, and before any other steps could be taken, the heirs and parties in interest should have been again brought into court by another notice, as if none had been previously given. This decree was therefore erroneous.

Again, the petition, as then filed, failed to give the names of the heirs who were owners of the real estate sought to be sold. This is opposed to all the rules of practice, and has not been dispensed with by the statute. This was, however, attempted to be remedied at a subsequent term of the court, but no notice appears to have been given to the heirs or their guardians, that application would be made to the court for the purpose of amending the petition, and the court erred in granting leave to amend. If they had been regularly in court, and the case still pending, it would have been otherwise, but we have seen that the proceeding had abated, and the heirs were not before the court, and the decree was not aided by this attempt to amend.

The decree of the court below is therefore reversed, in so far as the same remains unexecuted, but in so far as it has been executed, it is left in full force.

*Decree reversed.*