In the matter of DANIEL STURMS and MARENA STURMS, Guardians of Eliza Ann, Marena Ellen, Mary Jane and Sarah Madison French, minor heirs of John E. French, deceased, Plaintiffs in Error.

ERROR TO MACON.

A writ of error will be dismissed if the plaintiffs in the writ were not parties to the controversy to be reviewed.

THIS record contains the proceedings had under two petitions filed by Daniel and Marena Sturms, who described themselves as guardians of the minor heirs of John E. French, deceased, to wit, Eliza Ann, Mary Jane, Marena Ellen and Sarah M. French.

One of said petitions was filed at the October term, 1846; and the other, at the June term, 1847, of the Macon Circuit Court, in the State of Illinois.

The first petition states the death, intestacy, and seizin in fee of John E. French, of the west half of the north-west quarter, and the south-west quarter of the south-west quarter, and the north-west quarter of the south-west quarter of section 35, town 17 north, range 2 east, in Macon county; also, the south-east quarter of the north-east quarter, and the north-west quarter of the north-east quarter of section 32, town 21 north, range 5 east, in DeWitt county, Illinois.

That the minors therein named were the heirs and children of John E. French, deceased; that the personal estate of deceased was insufficient to pay the debts of his estate; the appointment of Marena, his widow, as guardian for said minors, in Vermilion county, Illinois; her subsequent marriage with Daniel Sturms in said county; the minority of said heirs; their want of personal property; the unproductiveness of their land: and prays the assistance of the court to petitioners to sell the land aforesaid for the support and education of said minors.

A copy of the notice appears in the record, and an affidavit is thereto attached, in which it is stated that Geo. W. Powers posted two like notices in two public places in Macon county, and he believes that a third notice was put up in another place, in said county; but said affidavit is neither signed nor sworn to.

The decree of said court, at its October term, 1846, recites that, the court being satisfied that notice had been regularly given of the intention of the guardians to file said petition, and no person appearing to interpose any objection to the application, it was ordered by the court that said guardians be author-

ized to sell and convey the lands mentioned in said petition, after giving certain notices of sale mentioned in said decree, and that the said guardians should invest all of the proceeds of such sales in other real estate for the use and benefit of said minors, and report their proceedings to the next term of said court.

Report of Daniel and Marena Sturms to the October term, 1847, of said court, which is approved, shows the sale of De Witt county land for $320, and the reinvestment of the proceeds in a farm in Indiana, worth $800. Also report the sale of the west half of the south-west quarter, section 35, town 17 north, range 2 east, and the east half of the north-west quarter of section 4, town 16 north, range 2 east, in Macon county, for the aggregate amount of $494.40, (each piece being sold separately,) but no report is made as to the disposition of the proceeds of sale of the last mentioned lands.

The second petition is the same in form and substance as the first, stating in addition that John E. French died in Clinton county, Illinois; that administration was had and completed on his estate in said county; that he died seized and possessed, in addition to lands described in first petition, of the east half of north-west quarter of section 4, town 16 north, range 2 east, in Macon county: and concludes with same prayer as in first petition.

Decree of court at June term, 1847, recites the notices were regularly given, and no party appearing to interpose any objection to the application, it was ordered and decreed by the court that Daniel and Marena Sturms be authorized and empowered to sell the lands described in the last mentioned petition, on the 13th September, 1847, and they were required to invest all of the proceeds of sale in other real estate for the use and benefit of said minors, and to report at the next term.

Final report of Daniel and Marena Sturms to November term, 1848, of said court, which is approved, shows sale of last mentioned lands for $186, and states that all the orders and decrees of court had been complied with, but makes no allusion to what disposition was made of the proceeds of any of the lands in Macon county.

These causes were heard by SAMUEL H. TREAT, Judge.

B. F. SMITH, for Plaintiffs in Error.

A. J. GALLAGHER, Contra.

BREESE, J. The writ of error in this case must be dismissed, for the reason that the plaintiffs in error are not parties to the original suit, and of course their interest could not be affected

by the sale of their land by the guardians. Their remedy, if they have one, is by original bill or by the action of ejectment against the parties in possession of the land.

*Writ of error dismissed.*