## SAMUEL C. GIBSON, Plaintiff in Error, *v.* JOHN E. ROLL, Defendant in Error.

### ERROR TO SANGAMON.

Infants are bound by proceedings by an administrator to sell real estate, although they are not nominally made parties to the proceeding. The case *Ex parte Sturms*, 25th Illinois R. 390, overruled in part.

If the proceedings of a guardian to sell the estates of infants have not been regular and in conformity to law, they must have an opportunity to correct the errors. But such proceedings are not adverse to the interests of the infant, and if they have been regular, the infant will be bound by them. The case of *Mason v. Wait*, 4 Scam. 127, examined.

A proceeding by an administrator to sell the real estate of his decedent, is adverse to the infants, and he must follow the statute in his petition, and give proper notice; if he does this, the sale will be good. The court is to pass upon the sufficiency of the statements in the notice, which calls upon parties to object to the proceedings.

PLAINTIFF filed his declaration in ejectment, against Henry R. Richardson, for the recovery of the undivided half of the east twenty feet of lot No. 7, in block No. 10, in the city of Springfield.

The defendant plead the general issue, and Roll was substi-

tuted in his stead, and possession of premises was by him admitted. It is also admitted that Benjamin F. Jewett died intestate, on or about the 20th day of December, 1848, seized in fee simple of the premises, and that defendant has chain of title, perfect and complete, from the heirs of said Jewett, to the premises.

Plaintiff offered in evidence a transcript of the record of the County Court of Tazewell county, of the proceedings of said court, in the matter of William S. Maus, administrator of Benjamin F. Jewett, dating from the 9th day of September, 1856, and setting forth the petition of said administrator for sale of real estate of said Jewett, including the premises, the order of sale, and report of sale of premises, and approval of sale by the court.

Plaintiff also offered in evidence a deed from said administrator to John D. Bail, conveying premises ; also a deed from said Bail to Ninian E. Primm, and plaintiff, for said premises. Defendant objecting to said evidence, his objections were sustained, and plaintiff excepted.

The defendant offered in evidence a transcript of the record of the proceedings of the County Court of Tazewell county, in the matter of William S. Maus, administrator of Benjamin F. Jewett, showing a notice in words and figures following :

### " ADMINISTRATOR'S NOTICE.

"Notice is hereby given, that I will make application to the County Court of Tazewell county, on the 3rd day of September next, for a decree to sell all or so much of the real estate of Benjamin F. Jewett, deceased, late of Tazewell county, as will be sufficient to pay the debts of said estate. All persons interested are requested to appear and show cause, if any they have, why such decree should not be granted. WM. S. MAUS,
"PEKIN, July 24, 1856. Adm'r of BENJAMIN F. JEWETT, dec'd."

Accompanied by the following certificate :

"We, Young & Underwood, printers and publishers of the ' *Weekly Plaindealer,*' do hereby certify that the annexed advertisement was published in the ' *Weekly Plaindealer* ' for six weeks successively—the first publication being on the 24th day of July, 1856, and the last publication on the 4th day of September, A. D. 1856. YOUNG & UNDERWOOD, Publishers and Printers."

It is admitted that said notice was the only one given and published previous to said sale, under the order of sale, in the record, offered as evidence by plaintiff. The plaintiff objected to said notice as evidence. The court overruled said objection, and plaintiff excepted.

Verdict and judgment for defendant.

E. B. HERNDON, for Plaintiff in Error.

W. H. HERNDON, and E. L. GROSS, for Defendant in Error.

CATON, C. J.* The plain question is now presented, whether in proceedings by an administrator to sell the real estate of his intestate, it is necessary to make the heirs formal parties defendants in the petition, and to name them as such defendants in the notice. In *Ex parte Sturms*, 25 Ill. 390, which was a proceeding by a guardian to sell the lands of his wards, we dismissed the writ of error brought by the infants to reverse the order of sale, because the infants had not been made parties, from which it would seem to follow that they were not bound by the proceeding. If this consequence follows that decision, then we are satisfied that it was unadvisedly made and ought not to be adhered to. This whole subject of the sale of the property of wards, by their guardians, in pursuance of laws authorizing proceedings for such sales is examined in *Mason* v. *Wait*, 4 Scam. 127, and we think it is there satisfactorily shown, that infants are bound, although not nominally made parties to the proceeding. Why then, when they attain their majority, may they not bring their writ of error to reverse the order for the sale, for errors and irregularities in the proceeding? The reasoning in this last case might answer this inquiry, for it is there said, that it is not a proceeding adverse to the heir, but is a proceeding by his guardian for his benefit, and should be treated as if the proceeding were by the heir himself. Now if this is so to its full extent, he should never afterwards be allowed to complain, that in his own proceeding there is error. But the reasoning in that case upon this point, should only be applied, where, as in that case, the proceeding is regular and in conformity to law, and only to that extent should the act of the guardian be considered the act of the ward, and whatever the guardian does in such a proceeding, which is not in conformity to law, is adverse to the infant, and he must have an opportunity of correcting that error in proper time.

These, it may be repeated, were cases of sales by guardians ostensibly, at least, for the benefit of their wards. The case before us is a sale of an administrator of the estate, descended to the heirs, and not for their benefit, but to enable him to pay the debts of the ancestor. As to the heirs it is essentially hostile in every respect, hence it is the duty of the courts to see that the law which authorizes this proceeding is complied

* NOTE.—See the case of *Smith* v. *Race*, in this volume.

with. This it is our duty to do, but more than this, we have no right to require. Has the law required the heirs to be made parties by notice, either in the petition or in the notice ? This proceeding is authorized by the one hundred and third section of the statute of wills. That requires that the administrator " shall make out a petition to the Circuit Court of the county in which administration shall have been granted, stating therein what real estate the testator or intestate died seized of, or so much thereof as will be necessary to pay his or her debts as aforesaid, and request the aid of the court in the premises." This is all that the statute requires shall be stated in the petition, and by what authority shall we require more to be stated ? There is not a word said about the heirs. They are not requested to be mentioned or alluded to in the petition. This petition, however, does set out the names of the widow and heirs, but it does not formally ask that they may be made parties defendants. Nor was this necessary. The portion of the statute quoted, has all the elements of an *ex parte* proceeding. When a petition is filed, the court acquires jurisdiction of the subject matter. The balance of the section shows, that it was not designed that it should be necessarily *ex parte*. The section proceeds : "and it shall be the duty of such administrator or executor, to give at least thirty days notice, of the time and place of presenting such petition, by serving a written or printed notice of the same, together with a copy of said account and petition, on each of the heirs, or their guardians, or the devisees of said testator or intestate, or by publishing a notice in the nearest newspaper for three weeks successively, commencing at least six weeks before the presenting of said petition, of the intention of presenting the same to the Circuit Court, for the sale of the whole or so much of the real estate of the said testator or intestate, as will be sufficient to pay his or her debts, and requesting all persons interested in said real estate, to show cause why it should not be sold for the purposes aforesaid." Now here is prescribed the modes by which the court may acquire jurisdiction of the persons, so to speak, of those whose interests may be affected by the proceeding. The administrator is given the alternative of one of two ways, by which he may bring into court all adverse parties. One is, by serving a written or printed notice, together with a copy of the account and petition, on all of the heirs or devisees, in whom the title of the land proposed to be sold may be vested ; and the other is, by publishing a notice to all parties interested, to come in and show cause why the land should not be sold, according to the prayer of the petition. Either mode is equally efficacious to give the

court complete jurisdiction, and equally satisfies the requirements of the law, although the notices are substantially different. The first requires a copy of the petition and account to be served with the notice on the heirs or devisees only. While the statute does not require these to be set out in the published notice, but that is required to be addressed to all persons interested in the subject matter. Not only heirs and devisees, but their guardians and creditors, and, in fine, everybody, whose interest might be affected by a sale of the land under the petition. But it must be observed, that in neither of these notices is it required that the names of the heirs or others, interested parties, shall be inserted. It leaves the door wide open for all who may conceive themselves interested, and whenever they choose, to come in, when they become in fact parties to the proceeding in name, as well is in substance. It was for the legislature to say in what mode parties interested should be brought into court, and they had an undoubted right to declare that a notice by publication should be as effectual to bind the parties, as a personal service. In this case the notice was by publication, and was as follows:

### "ADMINISTRATOR'S NOTICE.

"Notice is hereby given, that I will make application to the County Court of Tazewell county, on the 3rd day of September next, for a decree to sell all or so much of the real estate of Benjamin F. Jewett, deceased, late of Tazewell county, as will be sufficient to pay the debts of said estate. All persons interested are requested to appear and show cause, if any they have, why such decree should not be granted.                                    WM. S. MAUS,
    "*Pekin, July* 24, 1856.             Adm'r of Benjamin F. Jewett, dec'd."

The statute has not declared what this notice shall contain, and it is for the court to determine whether its statements are sufficient. This notice gives the information that at a specified time and place, the administrator would apply to the Circuit Court, for authority to sell the whole, or so much as was necessary for the purpose stated, of the real estate of the intestate. This, we think, was sufficient for all practical purposes. This was quite as sure to put persons interested on their guard, as if the property had been described by its numbers or boundaries. On the whole, we are unable to find anything even irregular in this proceeding, for which we should reverse it on a direct application for that purpose, much less to hold it void, in a collateral action as this is.

We strongly intimated, in *Turney* v. *Turney*, 24 Ill. 625, that the heirs should be made formal parties in the petition, but the decision of that question was not necessary to the

determination of that case. The case had already been decided upon the ground that there had been no sufficient notice, and what was afterwards said about the form of the petition was unnecessary, and we now think unadvised. The evidence should have been admitted. The judgment is reversed, and the cause remanded.

*Judgment reversed.*