DINAH MORRIS *et al.*

*v.*

MICHAEL HOGLE *et al.*

1. JURISDICTION—*decree.* In all judicial proceedings, to render a judgment or a decree binding, the court must have jurisdiction of both the subject matter and the person. An order of a county court, rendered on a notice that the executor would apply at the December term of the court for license to sell real estate, to pay debts, and it is not made at that time, but the application is made and the order rendered on a petition filed, without further notice, at the next February term, is not binding on the heirs for want of notice.

2. WANT OF SERVICE—*decree not binding.* If notice of such a proceeding is not served or given to the heirs, in some mode known to the law, a decree licensing the executor to sell lands of the testator to pay debts will be void, and may be questioned in both direct and collateral proceedings.

3. PURCHASER UNDER VOID DECREE—*not protected.* The law will presume that all men inspect public records through which a title is derived, before purchasing, and failing to do so, the law will not relieve them from the consequences of purchasing under a void decree; and purchasers will not be protected in their title when they buy under a void decree.

4. PETITION—*names of parties.* It is no doubt error, to render a decree of sale, on a petition, in a case where the names of the heirs do not appear in the petition, or in any part of the record; but that is not essential to the jurisdiction, and cannot be inquired into in a collateral proceeding.

5. DECREE—*void for want of jurisdiction.* When the court renders a decree without jurisdiction of the person, which is void, it will not be cured, or rendered binding, by a subsequent amendatory decree, rendered without such jurisdiction.

6. DECREE. It is error for the court to license an executor to sell so much real estate as he may deem for the best interest of the estate. He should be licensed to sell as much as may be required to pay the debts of the estate.

7. VOID DECREE. A void decree confers no power on an executor to sell the property of a testator, and his grantee, as well as subsequent purchasers of the property are chargeable with notice, and a court of equity will set such conveyances aside, as a cloud on the owners' title.

WRIT OF ERROR to the Circuit Court of Iroquois county; the Hon. CHARLES R. STARR, Judge, presiding.

This was a bill in chancery by Dinah Morris, Andrew E.. Mandeville and James M. Mandeville, against Michael Hogle, A. C. James, Jacob A. Whiteman, Hann M. Westbrook and David Morford, filed on the 23d of March, 1859, in the Iroquois Circuit Court. The bill alleges that one James M. Smith, of that county, died the owner of four-fifths of the S. W. 35, T. 26, N. R. 10 E., S. W. 36, T. 26, N. R. 10 E., of the third principal meridian. That he made a will; and in the month of August, 1854, the will was probated, and Jacob A. Whiteman, who was appointed executor by the will, received letters testamentary; that he took upon himself the settlement of the estate, and filed inventories, appraisement and sale bills.

The heirship of complainants is set out in the bill, and it alleges that Smith died owning real estate worth $3,102,75; that Smith had, previous to his death, made a mortgage to one George W. Smith for $3,636 upon other real estate; that the executor sold the personal estate for $1,213.94, and had notes and accounts to the amount of $1,601.04; that there were judgments against the estate, in the County Court, for $231.34, and in the Circuit Court for $5,725, up to the time of filing the petition by the executor to subject the lands to sale.

That on the 16th day of February, 1853, the executor filed a petition, and the Probate Court ordered the sale of this property; that at the May term, 1856, the Probate Court made another order, and on the 18th day of February, 1858, the executor, under these orders, sold this property for five hundred dollars, to one A. C. Jones, and executed to him a deed; that Jones afterwards conveyed the lands to one Hann McK. Westbrook for one thousand dollars, and he afterwards conveyed them to David Morford. The bill charges combination, fraud and intention to cheat, and prays that the orders of the court, and the various sales may be set aside and cancelled.

Defendant Morford answered, admitting the allegations of the bill, except that he denies that at the May term of the

County Court another order was made for the sale of the property, but says the court only amended the order of the previous February term; and denies that the first order was made without notice to complainants, or that they were not made parties to the proceeding; and denies that the first order was made in fraud of their rights. He denies that the amended order forbade any person from bidding at the sale; and says the sale was made in good faith.

The answer of Jones denies all, and all manner of fraud, and all of the allegations set forth in the bill against him.

The answer of Whiteman denies all collusion with any person at the sale, charged in the bill, and denies all allegations it contains as to him.

Westbrook admits most of the material allegations in the bill, but denies all fraud and combination, as charged.

The cause afterwards came on to a hearing on the bill, answers, replications, exhibits and proofs, when the court decreed that the deed from the executor to Jones, and his to Westbrook, and his to Morford, be set aside, cancelled and held to be void. To reverse which, the cause is brought to this court, and the following errors are assigned:

1. The court erred in not finding a decree in favor of David Morford.

2. The court erred in taking jurisdiction of the complainants' bill.

3. The court erred in overruling the defendant, Morford's, demurrer.

4. The court erred in finding a decree for the complainants to same.

5. The court erred in finding a decree without evidence to support the same.

6. The court should have found in favor of the defendant, David Morford, to the same.

7. The decree is erroneous in other respects and should be reversed.

Mr. John Clark for plaintiffs in error.

Messrs. George B. Joiner & James Fletcher for defendants in error.

Mr. Chief Justice Walker delivered the opinion of the court:

The bill in this case was filed for the purpose of cancelling a sale and conveyance made by an executor, under a decree of the County Court of Iroquois county, as well as subsequent conveyances of the land. The bill makes the executor, and the persons to whom the subsequent conveyances had been made, parties defendant. On the hearing, the prayer of the bill was granted, and all of the conveyances, in the chain of title from the executor, were set aside and cancelled, and the complainants restored to their former rights in the lands.

In this case, the main question is, whether the County Court had jurisdiction of the parties, as well as of the subject matter of the suit. In all judicial proceedings, to render the judgment or decree binding upon parties, the court must be invested with jurisdiction. And if the parties are not before the court, there can be no power to bind them, by decree or otherwise. A defendant must have notice of the pendency of the proceeding, and a reasonable opportunity to be heard in defense of his rights before they can be affected by the decree. The court must, likewise, have jurisdiction of the subject of litigation, or the power to adjudicate and determine the question in dispute will be wanting. If the court lacks such jurisdiction, its proceedings are void; and binding upon no person; but may be questioned in any proceeding, whether direct or collateral.

This bill alleges that the heirs had no notice of the application of the executor to the County Court for a license to sell the real estate of the testator, for the payment of debts. The proceedings on that application were read in evidence on the hearing, from which it appears that the executor gave

notice in a newspaper that he would apply at the December term, 1854, of the County Court for leave to sell the lands of the testator. It also appears that the petition was not filed until the February term, 1855, at which time an order of sale was rendered in accordance with the prayer of the petition. It nowhere appears that any notice was given, by publication, or was served upon the heirs, that an application would be made at the February term; but it was admitted on the hearing that no other notice was given than that the application would be made to the December term. It was likewise proved that no petition was filed at the December term by the executor.

In the case of *Turney* v. *Turney*, 24 Ill., 625, it was held that where an administrator fails to make application at the term to which he has given notice, he cannot, without a new notice, apply and procure an order of sale at a subsequent term. That, failing to file his petition at the term to which he gave notice to the heirs to appear, the suit thereby became abated, and the parties in interest must be again brought into court before any steps can be taken to affect their rights. If the suit is abated, the parties will not afterwards be in court for any purpose until again served, and the court can not have jurisdiction of the persons of the defendants to render a valid decree. Again, in the case of *Pardon* v. *Dwire*, 23 Ill., 572, it was held that the rendition of a judgment on a service insufficient for the want of the requisite length of time before the return day, and which failed to show that it was served on the defendant, was utterly void. *Schmell* v. *The City of Chicago*, of the present term. These cases are conclusive of the cause under consideration. Here there was no service, or pretense of service, to the term at which the petition was filed and the decree rendered. Whilst the law guards the rights of *bona fide* purchasers at judicial sales with scrupulous care, it will protect owners from being deprived of their property by proceedings unauthorized by law. Executors are not permitted to apply for, nor are courts authorized to decree a sale until the parties in interest have been

brought into court, and had the opportunity of being heard in defense of their rights.

The law presumes that a purchaser inspects the public records, through which title must be derived, before he receives a conveyance. If he did so in this case, he saw that the decree of the court was unwarranted, and that a sale under it could pass no title. If he failed to examine the record, it was his own fault, and he should suffer the consequences of his negligence. For the want of the notice, the decree of the County Court was a nullity, and a purchase under it passed no title.

It is also urged that the County Court failed to acquire jurisdiction, because the names of the heirs and persons in interest did not appear in the petition or notice. Nor do they, in fact, appear any where in the entire proceeding. This may be error, for which such an order would be reversed on error, but we are not prepared to hold, that for that reason, the court failed to acquire jurisdiction. In the case of *Stow* v. *Kimball*, 28 Ill., 93, the court inclined to hold, that such an omission did not affect the jurisdiction.

The decree rendered at the February term being inoperative and void, the subsequent decree rendered at the May term, 1856, did not remove any of its imperfections. It, like the former decree, was made without any notice to the heirs, who, never having been in court, could not be bound by it. It was also erroneous to license the executor to sell so much of the lands of the heirs as he might deem for the best interest of the estate. We are aware of no statute or principle of the common law which has invested the executor with such a large discretion, or which authorizes the court to confer it upon him. The testator could have given him the power, by his will, but he withheld it. The court, under the law, was only authorized to license a sale of so much as was necessary to pay debts, and it was manifest error to go beyond its provisions.

It was also contended, that the executor was guilty of fraud, in conducting the sale, as well as the purchaser, and his grantees, which requires, that the sale should be set aside, and the conveyances canceled. But, inasmuch as the record is voluminous, and the abstract so imperfectly prepared, as not to present the question, we decline its discussion. All of the purchasers, whether immediate or remote, are chargeable with notice, of the want of jurisdiction, of the County Court to render the decree; as they could not trace title to its source, except through this proceeding. And for the want of jurisdiction, they acquired no title; but as their conveyances operate as a cloud on the title, complainants have a right to have it removed. The decree of the court below is affirmed.

*Decree affirmed.*