## ELIZABETH CAMPBELL

*v.*

## AMY HARMON *et al.*

1. GUARDIAN — *qualification of.* Where a guardian proceeded by bill in the Circuit Court for leave to sell lands of a minor, and an exhibit filed with the bill showed an order of the probate court appointing her guardian, and reciting that she had filed her bond,— *held,* that the court may properly presume that the bond mentioned in the order of the probate court was such as the law requires.

2. NOTICE — *sufficiency of.* In an application by a guardian in the Circuit Court to sell the real estate of his ward, a notice in due form, signed in the name of the guardian by her attorney, with affidavit of the attorney showing

that he posted it in manner required by law, — *held,* sufficient; and that the attorney was a competent person to post it, and a competent witness to prove it.

3. MASTER'S REPORT — *need not contain evidence.* On a reference to the master it is not necessary that he should report the evidence. It will be sufficient to report the facts proven by the evidence produced before him. The better practice is to report the evidence.

4. PARTIES — *minors or guardian ad litem not necessary.* In proceedings by a guardian to sell real estate of his wards, the latter need not be made parties; nor is it necessary to appoint a guardian *ad litem.*

5. SALE — *when decree need not fix precise day or hour.* Under our statute it was not intended to require the court, in an application by a guardian to sell real estate of the minor, to fix the precise day or hour of sale. It is sufficient if the court in its order fixes certain reasonable limits, both as to the day and hour within which the sale shall be held, requiring the guardian to give due notice. The guardian may exercise some discretion in a mode favorable to the ward's interests.

WRIT OF ERROR to the Circuit Court of Adams county; the Hon. O. C. SKINNER, Judge, presiding.

The facts sufficiently appear in the opinion of the court.

Mr. JACKSON GRIMSHAW, for the plaintiff in error.

Mr. N. BUSHNELL and Messrs. BUCKLEY, MARCY & HUNT, for the defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This is a writ of error, prosecuted by Elizabeth Campbell, upon a decree of the Circuit Court of Adams county, rendered in 1851, on the petition of her guardian for leave to sell certain real estate for her support and education. Waiving the question as to whether a writ of error will lie to a proceeding of this kind, we will dispose of the case on the errors assigned, as this will save parties future litigation and expense.

The first error assigned is, that it does not appear that Amy Harmon ever qualified as guardian. There was an exhibit filed with the bill showing the order of the probate court appointing her as guardian, and reciting that she had filed her bond. It is objected that the record should further show the

bond was in proper form, and for the proper amount, but the Circuit Court may properly presume, in an application of this kind, that the bond mentioned in the order of the probate court was such as the law requires.

The second error assigned is, that sufficient notice of the application for leave to sell was not given. A notice signed in the name of the guardian, by her attorney, is in the record, together with an affidavit of the attorney showing that he posted it in the manner required by law, and the court, in the order of sale, recites that the notice had been given. The attorney was undoubtedly a competent person to post the notice and a competent person to prove it, and the notice itself was in due form.

The third assignment of errors is, that there was no evidence upon which a decree could be based. The case was referred to the master to take proof "and report the facts." He reported that the facts stated in the petition were proved to be true. The material facts stated in the petition were, that the infant had no personal property, and had never had any, and no real estate paying an income sufficient for her support and education, and that she then was, and had for some time been, dependent on her guardian for support. It further appeared from the certified copy of the order of the probate court appointing the guardian, which order was made an exhibit to the petition, that the infant, at that time, was six years of age. These facts, appearing by the report of the master, justified the court in making the order of sale. It was not necessary that he should report the evidence. It was sufficient to report the facts proven by the evidence produced before him. *McClay* v. *Norris*, 4 Gilm. 370; *Brockman* v. *Aulger*, 12 Ill. 277. It is true, it would have been the better practice if he had specifically reported the facts proven, instead of reporting that the facts stated in the petition had been proven to be true, but in proceedings of this character, at that day, such a mode of making a master's report was not uncommon, and as the objection goes rather to the form than the substance, we are not inclined to reverse decrees on this ground, many years after they have

been rendered, and thereby jeopardize titles acquired in good faith under the sanction of judicial sales. While courts will be very ready to furnish ample redress to infants who have been injured by fraudulent practices on the part of their guardian, yet, where no indications of fraud appear, and the objections taken to the proceedings are of a technical and formal character, the importance of protecting titles acquired under the decrees of court is entitled to much consideration. This has been recognized by all courts, and it is more especially true in this State, where the rapid rise in the value of real estate furnishes a constant inducement to explore ancient records for the purpose of discovering technical defects.

The fourth error assigned is, that the answer of the guardian *ad litem* was improper. This was wholly immaterial, as the decree was not pronounced upon any admissions contained in his answer. In proceedings of this character, it was held in *Smith* v. *Race*, 27 Ill. 390, that the infants need not be made parties, and that the appointment of a guardian *ad litem* was unnecessary.

The fifth and sixth errors assigned are substantially like the third.

The seventh is, that the decree fixed no day for the sale. The statute was not intended to require the court to fix the precise day or hour of sale. It is sufficient if the court in its order fixes certain reasonable limits, both as to the day and the hour, within which the sale shall be held, requiring the guardian to give due notice. The guardian may thus exercise some discretion in a mode favorable to the ward's interests. In the present case, the time fixed was between the date of the decree and the next term of the court, and between the hours of nine in the forenoon and four in the afternoon, the guardian first giving three weeks' notice by publication in a newspaper of the time, place and terms of said sale. This we think sufficient. The other assignments of error are not referred to in the argument, and we find in the foregoing no ground for reversing the decree.

*Decree affirmed.*