## D. B. ETHELL, ADM'R, RESPONDENT, *v.* B. J. NICHOLS, APPELLANT.

PROBATE COURTS—JURISDICTION.—Probate courts are courts of special and limited statutory jurisdiction.

PROBATE COURT—SALE OF REAL ESTATE BY.—An order for the sale of real estate, under the provisions of the probate act, is a judgment in a new, separate, and independent proceeding, depending for its validity upon the sufficiency of the facts alleged in the petition for the order.

IDEM—JURISDICTION.—It is necessary to the jurisdiction of the probate court making the order of sale of real estate, that there should be a petition therefor, sufficient, in substance, to show legal grounds for the order; and it is necessary to prove that there was such a petition when the jurisdiction of the probate court to make the order of sale is controverted.

APPEAL from the second judicial district, Alturas county.

*Brumback & Cahalan,* for the appellant.

*R. A. Sidebotham and Alanson Smith,* for the respondent.

PRICKETT, J., delivered the opinion. CLARK, J., concurred.

This action was brought under section 171 of the probate practice act, to recover a deficiency between the price bid by the defendant Nichols at an administrator's sale of real estate, and the sum realized therefor at a resale, upon a refusal of the defendant to comply with the terms of the original sale.

The plaintiff alleges in his complaint, that on the twenty-first day of March, 1870, one E. P. Rice. died intestate; that on the fifteenth day of May following, he was duly appointed administrator of the estate of said Rice, deceased, and that he thereupon qualified and entered upon the duties of that trust; that on or about the first day of March, 1871, by virtue of an order of sale, duly made by the probate court of Alturas county, as administrator, he sold to the defendant for the sum of five hundred dollars in gold coin, all the right, title, interest, and estate of said intestate, at the time of his death, in and to a certain toll wagon-road described in the complaint; that on the sixth day of April, 1871, such sale was duly confirmed; that on or about the twenty-fifth day of September, 1871, at the request of defendant, and upon the permission of the probate court, the return of sale was amended so as to include certain liens which the said estate held upon and against the property sold; and changing the kind of money to be paid by the purchaser Nichols from coin to currency; that plaintiff afterwards offered and tendered to defendant a good and sufficient deed of the property, which he refused to accept, and that he also refused payment of the purchase price, or any part thereof; that after due and legal proceedings had, the same property was afterwards resold for one dollar, and that such resale was duly confirmed. The prayer of the complaint is for the sum of four hundred and ninety-nine dollars deficiency, with interest and costs.

After demurrer to the complaint, overruled, the defendant answered, denying and putting in issue every material allegation of the complaint. A trial was had at the August term of the court, 1877, resulting in a verdict and judgment

in favor of the plaintiff for five hundred and seventy-six dollars and forty-five cents and costs; from which judgment the defendant appealed to this court.

The bill of exceptions shows that during the trial numerous exceptions were taken by the defendant, and the rulings, decisions, and instructions of the court below, so excepted to, are assigned as error. The first alleged error is the order of the court overruling the demurrer to the complaint. We are satisfied that this exception was not well taken, and that the demurrer was properly overruled. It is not necessary, however, to state at length the reasons for holding the complaint to be sufficient, as the next assignment of error is well taken, and is decisive of the case against the plaintiff.

On the trial the plaintiff offered in evidence an order of sale of the probate court of Alturas county, dated the twenty-third day of January, 1871, authorizing and directing the administrator to sell the real estate mentioned in the complaint. The attorney for the defendant objected to its introduction, on the ground that no petition for such order had been introduced or shown to exist. The court overruled the objection, holding that the order authorizing the sale and the order confirming the sale were sufficient evidence to conclude the defendant. The defendant excepted to that ruling of the court, and assigns the same as error here.

The complaint, as already stated, alleges that the sale to Nichols was made by virtue of an order of sale duly made by the probate court. This form of allegation, under section 59 of the civil practice act, is equivalent to a full and complete statement of all the facts which conferred jurisdiction upon the probate court to make the order of sale. The probate courts of this territory are courts of special and limited statutory jurisdiction, and this allegation of the complaint being controverted by the defendant's answer, if the fact that there was a petition for the order of sale is a material and jurisdictional fact, the plaintiff was bound to establish that fact on the trial, in order to show jurisdiction in the probate court to make the order.

Our statute prescribes with particularity what facts are

necessary to be stated in a petition for an order to sell real estate of a deceased person. It is first provided that the personal estate shall be primarily liable for the debts and expenses; and if this is insufficient to pay the same and the allowance to the family, section 154 of the probate practice act provides that the executor or administrator may sell the real estate for that purpose, upon order of the probate court. Section 155 provides as follows:

" To obtain such order he shall present a petition to the probate court, or to the judge at chambers, setting forth the amount of personal estate that has come to his hands, and how much thereof, if any, remains undisposed of; the debts outstanding against the deceased, as far as the same can be ascertained or estimated; the amount due upon the family allowance, or that will be due after the same shall have been in force for one year; the debts, expenses, and charges of the administrator already accrued, and an estimate of what will or may accrue during the administration; a description of all the real estate of which the testator or intestate died seized, or in which he had any interest, or in which the intestate estate has acquired any interest, and the condition and value of the respective portions and lots, and whether the same be separate or community property; the names and ages of the devisees, if any, and of the heirs of the deceased; which petition shall be verified by the oath of the party presenting the same."

Section 156 provides, that "if it shall appear to the court or judge, by such petition, that it is necessary to sell the whole or some portion of the real estate, for the purpose mentioned in section 154 of the act, or any or either of them, such petition shall be filed, and an order shall thereupon be made, directing all persons interested in the estate to appear before the court at a time and place specified, etc., to show cause why an order should not be granted to the executor or administrator, to sell so much of the real estate of the deceased as shall be necessary." Section 157 directs how the order to show cause shall be served on the parties interested in the estate. Sections 158 to 161, inclusive, provide for the hearing of the petition, and the trial of any

issues that may be made thereon by the parties interested; and section 162 provides that, "If the court shall be satisfied, after a full hearing upon the petition, and an examination of the proofs and allegations of the parties interested, that a sale of the whole, or some portion, of the real estate is necessary, for any of the causes mentioned in sections 150 and 154 of the act, or if such sale be assented to by all the persons interested, an order of sale shall be made," etc.

An order for the sale of real estate, under the provisions of the statute above cited, is not one made in a pre-existing proceeding, in which the court has already acquired jurisdiction, but it is in reality a judgment in a new, separate, and independent proceeding, depending for its validity upon the sufficiency of the facts contained in the petition. It is absolutely necessary, to the jurisdiction of the court making the order or judgment of sale, that there should be a petition, sufficient in substance, to show legal grounds for the order; and an order of sale, without any petition therefor, would be void.

It follows that if a petition is necessary to the jurisdiction, as above decided, it is quite as necessary that it should be produced in evidence on the trial, when, as in this case, the jurisdiction of the court to make the order of sale is controverted.

Numerous other assignments of error have been made upon this appeal, some of which are well taken, and if this case could be remanded for a new trial we should feel it incumbent upon us, for the direction of the court below, to pass upon them separately; but upon an inspection of the record it is patent that no recovery can be had by plaintiff in this action upon existing facts. The evidence incorporated into the record shows conclusively that at the time of the alleged filing of the petition for the original sale, the plaintiff was in the state of California; that at the time of the alleged sale the defendant Nichols was not within Alturas county, and that he had no agent for the purpose of purchasing the real estate mentioned therein. It further appears that the administrator was not in the territory when

the report of sale was made, but that it was made by a person purporting to act as his attorney. The duties and trusts of an administrator can not be delegated to, or performed by another acting for him, and it follows that the alleged sale to Nichols was never made in the manner pointed out by the statute, or in any such manner as to bind him as the purchaser.

It is claimed, however, that the subsequent appearance of the defendant in the probate court, for the purpose of procuring an amendment of the alleged report of sale was such an admission on his part as estops him from denying the sale. As a matter of fact, appearing from the record, the amendment so made was wholly immaterial, as all liens held by the estate would have passed by the administrator's deed to the purchaser, if the sale had been valid, and five hundred dollars in gold coin, or its equivalent in currency, specified as the purchase price in the paper called a report of sale, is not changed in legal effect by amending it to read "five hundred dollars in currency;" but it can make no difference how much the report of sale may have been or was amended; the original sale being void, all subsequent proceedings, based thereon, necessarily partake of the original defect, and are also void.

Judgment reversed, and cause remanded with directions to dismiss.