(October 3, 1904.)

## CLARK v. ROSSIER.

[78 Pac. 358.]

PROBATE COURTS—JURISDICTION—VERITY OF JUDGMENTS AND ORDERS IN MATTERS OF PROBATE AND APPOINTMENT OF GUARDIANS.

1. Under the provisions of section 21, article 5 of the state constitution, probate courts are made courts of record, and are given original jurisdiction in all matters of probate, settlement of estate, of deceased persons, and appointment of guardians, and their orders and judgment in regard to those matters, cannot be attacked collaterally.

2. The remedy for one aggrieved by an order or judgment by a probate court in said matters is in said court by proper motion or by appeal.

(Syllabus by the court.)

APPEAL from District Court of Lemhi County. Honorable J. M. Stevens, Judge.

Action collaterally attacking the sale of certain mining claims under an order of the probate court. Judgment for the defendants. Affirmed.

The facts are stated in the opinion.

F. J. Cowan and Redwine & Boyd, for Appellant.

Section 2 of article 5 of the constitution vests the judicial power in all matters of probate, settlement of estates of deceased persons, and appointment of guardians upon the probate courts, and it makes these courts courts of record. It is to be here observed that the constitution does not in any place confer any authority or jurisdiction upon the probate judge in the matters enumerated, but upon the probate court. And in line with this authority the statutes of Idaho, at section 5491, provide that no sale of any property of an estate is valid unless made under order of the probate court. If the legislature intended anything else, then this act, in so far as it attempts to confer jurisdiction upon the probate judge, is void. For, obviously, the legislature had no authority to confer jurisdic-

tion upon any other tribunal or any other officer in probate matters than that designated by the constitution. (*Spencer Creek Water Co. v. Vallejo,* 48 Cal. 70; *Larco v. Casaneuava,* 30 Cal. 564; *Chollar M. Co. v. Wilson,* 66 Cal. 374, 5 Pac. 670.) In most states the proceedings for the sale of real estate are adversary proceedings. In such proceedings parties defendant, as well as plaintiff, are essential. As the heirs occupy the position of defending parties, the petition should show who they are, in order that they may be brought into court. (Freeman on Void Judicial Sales, sec. 11, citing *Morris v. Hogle,* 37 Ill. 150, 87 Am. Dec. 243; *Hoard v. Hoard,* 41 Ala. 590; *Turney v. Young,* 22 Ill. 253; *Guy v. Pierson,* 21 Ind. 18.) To acquire jurisdiction to act, to order, decree or pass judgment, a court must have jurisdiction in two ways—of the thing involved and of the persons interested. This is primary and needs no citation of authorities to support it. If it fail in either way to acquire jurisdiction and that fact appears upon the face of its proceedings, as in the case at bar, its order, decree or judgment is a nullity and may be attacked at any time, at any place or in any manner, either directly or collaterally. (19 Am. & Eng. Ency. of Pl. & Pr., pp. 924-926; Black on Judgments, sec. 270; *King v. Randlett,* 33 Cal. 318; *Ex parte Sawyer,* 124 U. S. 200, 8 Sup. Ct. Rep. 482, 31 L. ed. 402; *Pryor v. Downey,* 50 Cal. 388; *Gibson v. Roll,* 27 Ill. 88, 30 Ill. 172; *Root v. McFerrin,* 37 Miss. 17; *Bloom v. Burdick,* 1 Hill, 134; *Townsend v. Tallant,* 33 Cal. 45, 91 Am. Dec. 617.) When one party has acquired the legal title to property to which another has a better right, a court of equity will convert him into a trustee of the true owner, and compel him to convey the legal title. (*Monroe Cattle Co. v. Becker,* 147 U. S. 47, 13 Sup. Ct. Rep. 217, 37 L. ed. 72; *Turner v. Sawyer,* 150 U. S. 578, 14 Sup. Ct. Rep. 192, 37 L. ed. 1189; *Cunningham v. Ashley,* 55 U. S. (14 How.) 377, 14 L. ed. 462.) The proper relief is not the amendment of the patent, but a decree compelling conveyance to rightful owner. (*Silver v. Ladd,* 74 U. S. 219, 19 L. ed. 138; *Wilson v. Castro,* 31 Cal. 421; *Bludworth v. Lake,* 33 Cal. 256; *Haven v. Haws,* 63 Cal. 452; *Salmon v. Symonds,* 30 Cal. 307.) Upon the question as to whether the

court should consider the original complaint and first amended complaint as a part of the record, we desire to cite the court to the following cases which hold that those papers have performed their function in the case when the amended pleading is filed and that thereafter all proceedings are based upon the amended pleading: *Wooddy v. Jamieson,* 4 Idaho, 452, 40 Pac. 61; *People v. Hunt,* 1 Idaho, 436; *Barber v. Reynolds,* 33 Cal. 497.

John H. Padgham, W. B. Heyburn and John P. Gray, for Respondents.

· Upon the validity of the sales of the property of deceased persons depend many of the titles to the realty in every state. There has been many times in the growth of our system of jurisprudence when the courts have required the strict compliance with the technical rules and regulations of the statutes in order to make these sales valid, but the injustice and the danger and inconvenience which arose from this strict adherence to the requirements of the statutes has resulted in a more just rule, and one which has received its strongest approbation in the decisions of the supreme court of the United States, and which has now been followed and approved by the courts of practically all of the states. The rule in substance is: That the decree of the probate court, where it has jurisdiction of the thing, cannot be attacked for irregularities in the exercise of that jurisdiction except in that court alone, or on an appeal from its decision. The great weight of modern authority holds that the same verity must attach to the judgments of probate courts as to the judgments of any other courts, and under our constitution, within the domain of their jurisdiction over probate matters, they are not more limited than is the district court in the exercise of its original jurisdiction in common-law and equity cases. (*Grignon v. Astor,* 2 How. 319, 11 L. ed. 283.) A court of general jurisdiction is one whose judgment is conclusive and which is competent to decide on its own jurisdiction and exercise it to a final judgment without setting forth the evidence. The record of such a court is absolute verity. Such a court is the probate court of this state.

(*Gray's Admr. v. Cruise,* 36 Ala. 562; *Glendenning v. Mc-Nutt,* 1 Idaho, 592; *Horner v. Bank,* 1 Ind. 130, 48 Am. Dec. 358; *Hanna v. Yocum,* 17 Ill. 388.)   In no court has the question of the validity of the sale of the property of a deceased person received the thoughtful and careful consideration which has been given to the question by the supreme court of the United States.   (*Thompson v. Tolmie et al.,* 2 Pet. 157, 7 L. ed. 381, decided in 1829; 2 Pet. 169, 7 L. ed. 385; *Jenkins v. Stanley,* 11 Mass. 227; *Beauregard v. New Orleans,* 18 How. 503, 15 L. ed. 469.)   In the orphans' court and all the courts which have power to sell the estates of decedents, their action operates on the estate, not on the heirs of the intestate.   A purchaser claims not their title, but one paramount.   The estate passes by operation of law.   (*Stoddard v. Chambers,* 2 How. 310, 11 L. ed. 280; *McPherson v. Cunliff,* 11 Serg. & R. 426; *Wyman v. Campbell,* 6 Port. 219, 249; *Cooper v. Reynolds,* 10 Wall. 308, 19 L. ed. 931; *Hall v. Law,* 102 U. S. 461, 26 L. ed. 217; *Davis v. Gaines,* 104 U. S. 386, 26 L. ed. 758.)   A sale cannot be collaterally attacked for failure of the administrator to give the statutory notice of sale.   (*Mathewson's Heirs v. Hearin,* 29 Ala. 210; *McNare v. Hunt,* 5 Mo. 301; *Tutt v. Boyer,* 51 Mo. 425; *Capt v. Stubbs,* 68 Tex. 222, 4 S. W. 467; *Spurgen v. Bowers,* an Iowa case, reported in 82 Iowa, 187, 47 N. W. 1029.)   The confirmation or approval of the sale by the court is the judicial ascertainment of its validity and legality, and the decree so made cannot thereafter in any collateral proceeding be questioned.   (Woerner on American Law of Administration, sec. 478; *Florentine v. Barton,* 2 Wall. 216, 17 L. ed., 783; *Davis v. Gaines,* 104 U. S. 391, 26 L. ed. 759; *Mathews v. Densmore,* 109 U. S. 220, 3 Sup. Ct. Rep. 126, 27 L. ed. 913; *Holmes v. Oregon & Cal. R. Co.,* 9 Fed. 236, 7 Saw. 380; *McArthur v. Allen,* 3 Fed. 322; *Daily v. Doe,* 3 Fed. 916; *Lorch v. Aultman,* 75 Ind. 166; *Barnett v. Van Meter,* 7 Ind. App. 45, 33 N. E. 670; *Cooper v. Sunderland,* 3 Iowa, 114, 66 Am. Dec. 52; *Howard v. Moore,* 2 Mich. 234; *Lafferty v. People's Sav. Bank,* 76 Mich. 35, 43 N. W. 39.)   While the direct question now before the court has not been expressly determined or strictly put before this court heretofore, the decisions of the

court in the cases of *Glendenning v. McNutt,* 1 Idaho, 592, and *State ex rel. Chemung Min. Co. v. Cunningham,* 6 Idaho, 113, 53 Pac. 451, announce the adherence of this court to the rule of the supreme court of the United States. (*People ex rel. Chemung Min. Co. v. Cunningham,* 6 Idaho, 113, 53 Pac. 451.) Subdivision 8 of section 3862 of the Revised Statutes of Idaho gives to every court the power to amend and control its proposed orders so as to make them conformable to law and justice. This court has held that this is a power which the probate court may exercise. (*People ex rel. Chemung Min. Co. v. Cunningham, supra.*) When a plaintiff comes into a court of equity alleging title in fee to land to be in the defendant and asks that such title be surrendered to him, it is incumbent upon such plaintiff to offer to do all the equity that lies in his power. Appellants have offered to do only a small part of what they can do or should do; they have not offered to pay respondents for the assessment work done on the mining claims; the petition for sale said it was necessary, and the order of sale required it to be done; they have not offered to pay for such permanent improvements as may have been placed on said ground by respondents, and owing to the importance of this point, it may not be improper to say that they know that a large amount of money has been expended on said mining claims by respondents in such improvements; their offer to surrender the purchase price paid to the administrator is upon condition and not absolute, as it should be, and their offer to reimburse and pay to respondents such sums of money as were expended in procuring the patent deed is also upon condition. (*United States v. White,* 17 Fed. 565; *Davis v. Gaines,* 104 U. S. 386, 26 L. ed. 757; *Galbraith v. Tracy,* 153 Ill. 54, 46 Am. St. Rep. 867, 38 N. E. 937, 28 L. R. A. 129; *Brown v. Buck,* 75 Mich. 274, 13 Am. St. Rep. 438, 42 N. W. 827, 5 L. R. A. 226.) In *Wolferman v. Bell,* 8 Wash. 140, 35 Pac. 603, the same court held "that the heir cannot maintain ejectment, for the reason that the real estate is in possession, actual or constructive, of the administrator, and he should not be allowed an action to quiet title, for the reason that it is the duty of the administrator to take every step necessary to protect the interests of

the estate, and no complete title, even of an equitable nature, descends to the heir so as to be available to him during the progress of the administration." The petition being sufficient, the probate court then obtained jurisdiction of the subject matter. The court having jurisdiction of the subject matter by the petition, we claim that all proceedings thereunder in that court are conclusive on appellants until set aside by some direct proceeding for that purpose. If the court thus having jurisdiction errs in its subsequent proceedings in such cases, it is error reviewable only on appeal, or some direct proceeding to set aside, and cannot be questioned in any collateral proceeding. (*Hall v. Law,* 102 U. S. 461, 26 L. ed. 217; *State v. McGlynn,* 20 Cal. 233, 81 Am. Dec. 118; *Stuart v. Allen,* 16 Cal. 474, 76 Am. Dec. 551; *Cornett v. Williams,* 20 Wall. 226, 22 L. ed. 254; *Berrian v. Rogers,* 43 Fed. 467; *Satcher v. Satcher,* 41 Ala. 26, 91 Am. Dec. 498; *Weems v. Masterson,* 80 Tex. 45, 15 S. W. 590; 11 Ency. of Law, 2d ed., p. 1120.) Since the constitution of Idaho gave probate courts original jurisdiction in all matters of probate, all its orders and decrees have full force and effect until set aside on appeal or on motion in that court. If a void sale was made of the land in question, the probate court could have set it aside at any time upon proper application. (*Bland v. Bowie,* 53 Ala. 152; *Pettus v. McClannahan,* 52 Ala. 55; *Smith v. Flournoy,* 47 Ala. 345.)

SULLIVAN, C. J.—This action was brought to declare a trust and compel the conveyance of two mining claims situated in Lemhi county, and located and known as the Burlington and U. P. claims.

It is alleged in the complaint that David N. Clark was the original locator of said two mining claims, and that he died intestate on January 25, 1900, leaving the plaintiffs as his heirs at law; that said Clark was a resident of Lemhi county, and that his heirs were all nonresidents of the state of Idaho; that on or about the twenty-ninth day of January, 1900, the public administrator of said county was appointed and duly qualified as the administrator of the estate of said deceased; that as such administrator he filed his final account in said matter, in the

probate court of said county, showing thereby that all of the debts of said decedent and the expenses of said administration had been paid, and that there was still a surplus remaining in said administrator's hands arising from the sale of the personal property of said estate; that a decree of distribution had been made in said matter; that the plaintiffs are citizens of the United States. Then follows a description, by metes and bounds, of said mining claims. It is then alleged that on the twenty-eighth day of August, 1900, after the probate court of said county had adjourned its August, 1900, term, the said administrator filed with the clerk of said court, a petition praying that said mining claims be sold; that thereupon the court made an order to show cause why an order of sale should not be made in said matter, and fixed the seventeenth day of September, 1900, as the time for hearing said matter; that on said date, said matter was heard, and an order was made authorizing said administrator to sell said mining claims; it is also alleged that said orders were made during the vacation of said court and not during term time thereof; that on said seventeenth day of September, 1900, the administrator made and executed a deed purporting to convey the title to said mining claims to the defendant Rossier; that by reason of said proceedings and said deed, and by permission given him by said administrator, the said Rossier, claiming to be a successor in interest to said mining claims, under and by virtue of said proceedings, took possession of said mining claims and still continues, with his codefendant, to hold and occupy the same. A copy of the petition for sale, and a copy of the order of sale, are attached to the complaint and made a part thereof.

It is further alleged that said order of sale was made and procured without giving notice of said order to show cause as required by the laws of this state; and that said heirs had no personal knowledge of any kind of said proceedings; that not more than twenty days elapsed from the date of making said order to show cause, and the date of making the order of sale; that said petition was filed and the said order to show cause issued, and the order of sale was made by the judge of said court at chambers, and not in open court; and that the price

obtained for said mining claims was grossly inadequate; that said petition fails to state that a sale of the said property was desired or was necessary to pay debts, expenses of administration, or family allowances, and failed to state the condition, situation or value of the real estate sought to be sold, or any sufficient reason why the sale was desired; that by reason thereof, neither the said court nor the judge thereof acquired jurisdiction to order, approve, permit or confirm said sale; that by reason thereof, and by reason of the failure of said administration to give the said heirs any personal notice of the hearing of the order to show cause, and by reason of the failure of said administrator to give published notice of said order to show cause, required by law in such cases, and by reason of the fact that only twenty days elapsed between the filing of said petition and the hearing of the order to show cause, and by reason of the fact of the filing of said petition, the issuing of said order to show cause, and the making of said order of sale during the vacation of said court, and by reason that no notice of the intended sale of said property was given, the said order of sale, and deed and all the proceedings in reference to the attempted sale of said property were, and each of them was, void and of no effect, and transferred no title or interest in said mining claims to said Rossier.

It is further alleged that said Rossier made application to the proper United States office for a patent for said mining claims, and prosecuted said application for patent to completion, and made final payment therefor on the sixth day of May, 1901, and received a final certificate of purchase therefor; that said proceedings for patent are wrongful and in fraud of plaintiff's rights; that by reason of all of said facts said Rossier took the title to said mining claims in trust for, and charged with the superior rights of the plaintiffs, and that as trustee of plaintiffs, he is in duty bound to convey the said mining claims to the plaintiffs.

It is further alleged that said Rossier transferred an undivided one-half interest in and to said mining claims to his codefendants, Charles and Horace Soule, and that said codefend-

ants had full knowledge of plaintiff's right and title to said mining claims; that plaintiffs, and each of them, had received no knowledge or notice of said probate court proceedings for the attempted sale of said claims, and had no knowledge or notice of said application for patent, prior to the month of July, 1901; that plaintiffs, or either of them, have not received or accepted any part of the purchase price paid by said Rossier to said administrator for said mining claims, and offer to assign and surrender to defendants all claim to said amount, in case of a restoration of said property to them.

By the fifteenth paragraph of the complaint the plaintiffs offer to reimburse and pay defendant Rossier such sums of money as have been necessarily expended by them in securing the paramount title of the United States to said mining claims, upon the execution and delivery of a proper deed by defendants, conveying said property to plaintiffs.

Then follows a proper prayer covering the allegations of the complaint. The defendants, Charles H. and Horace W. Soule, demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and the defendant Rossier, demurred on the same ground, and also on the ground that the court had no jurisdiction of the subject matter of the action, which demurrers were sustained by the court, and judgment of dismissal entered.

This appeal is from the judgment. The error relied upon is the order sustaining said demurrers and the entry of judgment of dismissal.

It is contended by counsel for appellants that neither the probate court nor the judge thereof ever acquired any jurisdiction to order a sale of the said mining claims for three reasons: 1. That the petition was insufficient to give the court or the judge thereof jurisdiction; 2. That none of the proceedings were conducted in open court, but, on the contrary, were held by the judge at chambers during vacation; and 3. That the appellants were nonresidents, and the notice to show cause was not served personally; that the time fixed for the hearing was only twenty days from the date of filing the petition and

making the order, when the statute requires not less than three weeks' notice, and there was no publication of the order to show cause for three successive weeks, as required by the statute.

In our view of the case, it is not necessary for us to pass upon the objections above stated.

It is contended by counsel for the respondents that the district court has no jurisdiction to entertain this action. It is contended that the provisions of our constitution and our statutes, and the decisions of the supreme court of the United States, and of the supreme court of many of the states of the Union hold the correct rule to be that the decree of a probate court, where it has jurisdiction of the thing, cannot be attacked for irregularities in the exercise of that jurisdiction, except in that court alone, or on an appeal from its decision.

It must be admitted that this action is a collateral attack upon the judgment or decree of the probate court, ordering and confirming the sale of said mining claims. Section 21 of article 5 of our state constitution provides, *inter alia,* that "The probate courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, and appointment of guardians."

The probate court of Lemhi county had jurisdiction of the property of said David N. Clark, deceased, situated within said county, as jurisdiction is given to it by said provision of the constitution, and by the laws of the state. No question is raised concerning the initiation of administration and appointment of an administrator. The appellants are here objecting to the erroneous exercise of jurisdiction in making the order of sales. Counsel for appellants contend that probate courts in this state are courts of inferior and limited jurisdiction, and that its jurisdiction to make any order or decree, or enter any judgment, must be shown on the face of the proceedings, and cites *Ethol v. Nicholls,* 1 Idaho, 741, and a number of early California cases. We have examined those authorities and are not inclined to follow the rule laid down by them, and expressly overrule the case of *Ethol v. Nicholls, supra.* As we understand it, the great weight of modern authorities hold that the

same verity must attach to the judgments of probate courts in all matters of probate, settlement of estates of deceased persons, and the appointment of guardians, as to the judgments of any other courts of general jurisdiction, and clearly, under the provisions of our constitution, the probate courts of this state are not limited in their jurisdiction over probate matters, no more than are the district courts of this state in the exercise of their original jurisdiction in common law and equity cases. The decision of *Grignon v. Astor,* 2 How. (U. S.) 319, 11 L. ed. 283, clearly distinguishes between courts of original, general jurisdiction, the judgments of which import verity, and courts of limited and special jurisdiction wherein the proceedings must show the jurisdiction upon the face thereof.

In defining courts of original and general jurisdiction, the court in that case says: "These principles are settled as to the courts of record which have original, general jurisdiction over any particular subjects; they are not courts of special or limited jurisdiction. They are not inferior courts in the technical sense of the term, because an appeal lies from their decision." A court of general jurisdiction is one whose judgment is *conclusive,* until modified or reversed on direct attack, and which court is competent to decide on its own jurisdiction, and exercise it to a final judgment, without setting forth the evidence. The record of such a court is absolute verity. The probate court of this state, as far as its jurisdiction in regard to probate and guardian matters is concerned, is such a court. (Idaho const., art. 5, sec. 21; *Grignon v. Astor, supra; Gray's Admr. v. Cruise,* 36 Ala. 562; *Glendenning v. McNutt,* 1 Idaho, 529; *Horner v. Bank,* 1 Ind. 130, 48 Am. Dec. 358; *Hanna v. Yocum,* 17 Ill. 388.).

As the probate court had jurisdiction of the estate—the subject matter—jurisdiction of the proceedings and jurisdiction to make the orders complained of, they cannot be collaterally attacked as is sought to be done in this action. The remedy was by appeal from the order of the probate court, or motion, or other proceedings in that court to set aside the orders complained of. In section 61 of Van Fleet on Collateral Attack,

it is said: "The test of jurisdiction . . . . is whether the tribunal has power to enter upon the inquiry and not whether its conclusions in the course of it were right or wrong"; and in quoting from a Wisconsin case it is there said: "Had the court or tribunal the power under any circumstances to make the order or perform the act? If this be answered in the affirmative, then its decision upon those circumstances becomes final and conclusive until reversed by a direct proceeding for that purpose." (See *Thompson v. Tolmie et al.,* 2 Pet. 157, 7 L. ed. 381.)

Judge Baldwin, speaking for the court, concludes his very able reasoning in favor of the rule there laid down as follows: "We do not deem it necessary now, or hereafter, to retrace the reasons or authorities on which the decisions of this court in that, or the cases which preceded it, rested. They are founded on the oldest and most sacred principles of the common law. Time has consecrated them. The courts of the states have followed them, and this court has never departed from them. They are rules of property on which the repose of the country depends. Titles acquired under the proceedings of courts of competent jurisdiction must be deemed inviolable in collateral action, or none can know what is his own; and there are no judicial sales around which greater sanctity ought to be placed than those made of the estates of decedents by order of these courts to whom the laws of the state confide full jurisdiction over the subjects." (*Beauregard v. New Orleans,* 18 How. 503, 15 L. ed. 469; *Davis v. Gaines,* 104 U. S. 386, 26 L. ed. 757; *Thaw v. Ritchie,* 136 U. S. 519, 10 Sup. Ct. Rep. 1037, 34 L. ed. 531.)

It was held in *Mathewson's Heirs v. Hearin,* 29 Ala. 210, that a sale cannot be collaterally attacked for failure of the administrator to give the statutory notice of the sale, and in *Tutt v. Boyer,* 51 Mo. 421, that the approval by the probate court of an administrator's deed cannot be collaterally impeached. (*Spurgin v. Bowers,* 82 Iowa, 187, 47 N. W. 1029.)

In *Ryan v. Fergusson,* 3 Wash. 356, 28 Pac. 910, the supreme court of Washington held that an administrator's sale was a

proceeding *in rem* to which all the world are parties, and that it cannot be collaterally attacked for irregularities. (See, also, on this point, *Mason v. Wait,* 5 Ill. (4 Scam.) 127; *Gibson v. Roll,* 27 Ill. 88, 81 Am. Dec. 219; *Campbell v. Harmon,* 43 Ill. 18; *Moore v. Porter,* 51 Wis. 497, 8 N. W. 364. See, also, *Kelly v. West,* 80 N. Y. 189.)

Cases are found in the courts of last resort of several of the states, which hold that no presumptions are allowed in favor of probate courts; that nothing is intended to be within their jurisdiction which does not affirmatively appear on the face of the record; that the record must show the existence of every fact which was necessary to authorize the judgment, or such judgment is void when questioned, either directly or collaterally. That doctrine is held in five or six of the states where probate courts are held to be inferior tribunals, and of special and limited jurisdiction. Cases so holding are found in California, Connecticut, Mississippi, Colorado, Florida, Oregon and Pennsylvania. (See Woerner on American Law of Administration, sec. 488.)

In the case of *Burriss v. Kennedy,* 108 Cal. 331, 41 Pac. 458, it would appear that the California supreme court is veering around in favor of the decided weight of authority upon the question here under consideration. In that case the court holds that there are the same presumptions in favor of the validity of a decree of a superior court, sitting in probate in proceedings for the sale of a decedent's lands, as a judgment at common law. But be that as it may, under the provisions of the constitution of the state of Idaho, above quoted, the probate courts of this state are made courts of record, and are given original jurisdiction of all matters of probate, settlement of estates of deceased persons, and appointment of guardians, and their judgment and decrees in those matters cannot be collaterally attacked. (See *Stow v. Schiefferly,* 120 Cal. 609, 52 Pac. 1000.)

In section 478 of Woerner on American Law of Administration, it is stated that confirmation or approval of the sale by the court for the judicial ascertainment of its validity and legality, and the decree so made, cannot thereafter in any collat-

eral proceeding be questioned, except in those states in which judgments of the probate courts are collaterally assailable. The confirmation operates to cure previous irregularities in the proceedings. Section 448 of the last cited authority enumerates the several states that have adopted the common rule and those that have adopted the other. The remedy of the appellants in this matter was in the probate court either by appeal or otherwise, from its order or judgment.

For the reasons above stated, the judgment of the court below must be affirmed, and it is so ordered. The costs of this appeal are awarded to the respondents.

Ailshie, J., concurs.