(November 30, 1906.)

GEORGE M. REED, Appellant, v. C. B. STEWART, Administrator, Respondent.

[87 Pac. 1002.]

Motion to Dismiss Appeal—Probate Courts—Probate Law—Proceedings to Sell Real Estate—Sale of Real Estate—Minor Heirs—Guardian Ad Litem—Service of Notice of Appeal—Adverse Party.

1. Under the provisions of section 5701, Revised Statutes, the property, both real and personal, of one who dies without disposing of it by will, passes to the heirs of the intestate, subject to the control of the probate court, and the possession of the administrator appointed by that court for the purposes of administration.

2. As the title to the property of the intestate in such cases passes to the heirs subject to the provisions of said section, they

are interested parties in the sale thereof, and where a sale has been confirmed by the probate court and the purchaser appeals from such confirmation, such heirs or their guardian *ad litem* are adverse parties and must be served with a notice of appeal.

3. Where the guardian ·ad litem of minor heirs has appeared in a proceeding commenced by the administrator to sell real estate belonging to his intestate, and consented to the sale, and the purchaser files his objections to the confirmation of such sale, and the same are overruled by the court and the sale confirmed, and the purchaser appeals from such order of confirmation, the guardian *ad litem* is an adverse party thereto, and must be served with the notice of appeal.

4. Where an administrator files his petition and commences proceedings for the sale of real estate belonging to his intestate, all of the orders made in such matter are in the one proceeding, as such proceeding consists of all orders and things done by the court in such matter from the filing of the petition to the confirmation of the sale and delivery of the deed.

5. The heirs in such cases are pecuniarily interested in all such property and are entitled to their day in court in all of the proceedings affecting the title to such property, and are adverse parties under the provisions of section 4808, Revised Statutes.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District for Idaho County.    Hon. Edgar C. Steele, Judge.

This is an appeal from the judgment of the district court dismissing the appeal of appellant from an order made by the probate court of Idaho county directing the confirmation of the sale of certain real estate and the conveyance thereof.    A motion to dismiss the appeal from the judgment of the trial court is granted and the *judgment affirmed.*

Scales & Taylor, for Appellant.

Session Laws of 1903, pages 372, 373, expressly changes the old law, and definitely provides who shall be served with notice of appeal.    The notice of appeal must be filed with the clerk of the probate court and a similar notice must be served "upon the administrator, administratrix, executor and execu-

trix (unless they be the appellants), and upon all other parties interested who appeared upon the motion or proceeding which the appellant desires to have reviewed, or upon their attorneys.''

On the proceeding appealed from the only persons who appeared was the administrator, by his attorney, J. M. McDonald, and appellant with his attorneys, Scales & Taylor.

''Beneficiaries under a will, who have not appeared and resisted the petition in probate proceedings of one claiming as heir, when notice has been given to all persons interested in the estate, are not necessary parties to the appeal from an order denying a new trial.'' (*In re Ryer's Estate,* 110 Cal. 556, 42 Pac. 1082; *In re Calkin's Estate,* 112 Cal. 296, 44 Pac. 577.)

The notice seems to have been served on all the respondents who appeared in the proceeding, and that was all the statute required. (*Seattle & M. Ry. Co. v. Johnson,* 7 Wash. 97, 34 Pac. 567.)

No service was made on the guardian *ad litem;* held none required, he having made no appearance. (*Home Savings & Loan Assn. v. Burton,* 20 Wash. 688, 56 Pac. 940; *Ryan v. Ferguson,* 3 Wash. 356, 28 Pac. 910; *Herriman v. Menzies,* 115 Cal. 16, 56 Am. St. Rep. 82, 44 Pac. 660, 46 Pac. 730, 35 L. R. A. 318.)

Many of the probate proceedings are separate and distinct; require notice to all parties interested, at the different stages, and each is a distinct order from which an appeal may be had, and a reversal of the order not appealed from. (Idaho Rev. Stats., sec. 4831.)

J. M. McDonald, for Respondent.

Notice of appeal must be served upon the adverse party, and by adverse party is meant all parties whose rights may be affected by the reversal or modification of the judgment appealed from. (*Harper v. Hildreth,* 99 Cal. 265, 33 Pac. 1103; *Lydon v. Godard,* 5 Idaho, 607, 51 Pac. 459; *Coffin v. Edgington,* 2 Idaho, 627, 23 Pac. 80, 7 L. R. A. 646; *Lewiston Nat.*

*Bank v. Tefft,* 6 Idaho, 104, 53 Pac. 271; *Inglehart v. Stansbury,* 151 U. S. 68, 38 L. ed. 76, 14 Sup. Ct. Rep. 237; *Adams v. McPherson,* 3 Idaho, 718, 34 Pac. 1095.)

Any reversal or modification of the order confirming the sale of the said real estate would affect the interests of the said minors, and it is necessary that they or their guardian *ad litem* be served with notice of appeal. (*Senter v. DeBernal,* 38 Cal. 637.)

The supreme court cannot entertain the appeal, as the same has not been perfected. (*Adams v. McPherson,* 3 Idaho, 718, 34 Pac. 1095, and cases cited.)

The appellant contends that the court will only review the proceedings had at the confirmation of sale, and served notice upon those that appeared at such proceedings, as is required by Session Laws of 1903, regulating appeals to the district court from the probate court.

This narrow construction cannot be accepted, for the same is not the construction placed upon the word "proceeding" by the courts. (*Moorewood v. Hollister,* 6 N. Y. 321.)

All the acts and proceedings of the probate court in devesting the heirs of the real estate of an estate is one action, and the law will not sanction the heirs being deprived of their interests in said property without their day in court. (Rev. Stats. 1887, sec. 5523; *Bloom v. Burdick,* 1 Hill, 130; *Beckett v. Selover,* 7 Cal. 215, 68 Am. Dec. 237; *Schneider v. McFarland,* 2 N. Y. 459.)

SULLIVAN, J.—This is an appeal from the judgment of a district court dismissing the appeal from an order made by the probate court of Idaho county directing the confirmation of the sale of real estate and the conveyance thereof. The facts of the case are substantially as follows: The administrator of the estate of Louis H. Denison, deceased, filed his petition for the sale of certain real estate of his intestate's estate in the probate court of said county, for the purpose of paying the debts of said deceased, and alleged in said petition that he was also the guardian of the minor heirs of said

deceased, and prayed that a guardian *ad litem* be appointed for said minor heirs to represent their interests in said matter; said petition also showed that said estate is solvent, and that there will be a residue for distribution among the heirs after all debts and expenses of administering said estate are paid. It appears that the probate court duly appointed R. F. Fulton, Esq., as guardian *ad litem* of said minor heirs to represent them in the matter of said sale; that upon the hearing of said petition said Fulton appeared as such guardian *ad litem,* and consented that said real estate be sold, and thereupon the probate court duly authorized said administrator to sell the same at private sale; that thereafter on July 11, 1905, the said administrator received a bid for said real estate from the appellant, the same being accompanied with ten per cent of the bid in cash, which bid the said administrator accepted, and thereafter on July 31, 1905, he filed his return of said sale in the probate court of said county, and by order of said court said return of sale was set down for hearing on the twenty-sixth day of August, 1905. No objection was made by said Fulton as guardian *ad litem* to the confirmation of said sale. But on August 26, 1905, the said appellant appeared in said probate court and filed his objections to the confirmation of said sale, which were overruled by the court, and the court thereupon examined said return of sale and the testimony of witnesses in support thereof, and finding that the law and all the orders of the court had been duly complied with by said administrator in said matter, and that said sale and all things connected therewith had been fairly and legally conducted and done, the same was confirmed. From said order of confirmation the appellant appealed to the district court of Idaho county, but did not serve the said guardian *ad litem* with any notice of appeal. When the matter came on for hearing in the district court the administrator moved to dismiss the appeal on the grounds following, to wit: (1) That said guardian *ad litem* had appeared on the hearing of the petition for the sale of said real estate and consented thereto, and that he was not served with said notice of appeal from the probate court to the district court; (2) That the pre-

tended appeal was never perfected and the district court did not acquire jurisdiction over the subject matter of the parties; that said guardian *ad litem* was at all times a party to the proceedings upon whom all notices should have been served involving any interests of the minor heirs in said real estate; and (3) that the appellant was not such a party in interest as would give him a right to appeal from said order of confirmation. The record also shows that during the hearing of said motion in the district court the administrator made an offer to the appellant which would cure all the objections made by the appellant to the confirmation of said sale. After hearing the arguments of the counsel upon said motion to dismiss, the court sustained the motion and entered a judgment of dismissal, from which judgment this appeal is taken. Counsel for respondent has filed a motion in this court to dismiss this appeal on the ground that the guardian *ad litem* of said minor heirs who appeared upon the hearing of the original petition for the sale of the said real estate had not been served with a notice of appeal from the district court to this court as required by law. That motion was based upon an affidavit of the guardian *ad litem* and upon the transcript on appeal.

The only question submitted for decision on this motion is whether in a proceeding for the sale of real estate belonging to a decedent's estate the guardian *ad litem* of the minor heirs is entitled to a service of the notice of appeal from an order confirming the sale of such real estate, as an adverse party.

The law of succession to the estates of certain intestates is fixed by the provisions of section 5701, Revised Statutes, which is as follows: "The property, both real and personal, of one who dies without disposing of it by will, passes to the heirs of the intestate, subject to the control of the probate court, and to the possession of any administrator appointed by that court for the purposes of administration."

From the provisions of that section it will be observed that the title to both real and personal property of one who dies without disposing of it by will passes to the heirs of the in-

testate, subject, however, to the control of the probate court and to the possession of any administrator appointed by that court for the purposes of administration. That being true, the question arises, Would the minor heirs in the case at bar be affected by a modification or reversal of the order or judgment appealed from? If they would they are adverse parties under the provisions of section 4808, Revised Statutes, as held by this court in *Aulbach v. Dahler*, 4 Idaho, 654, 43 Pac. 322. And in *Titiman v. Alamance Min. Co.*, 9 Idaho, 240, 74 Pac. 529, this court passed upon the question under consideration, and there cited numerous decisions from California and this court bearing upon this question.

It is shown by the record that the personal property belonging to said estate was of the value of $1,146.70, and the real estate belonging thereto (it being the real estate involved in the sale in question) was of the value of about $3,500, making a total of $4,646.70, and the liabilities were about $2,357.85. Deducting the liabilities from the assets would leave the heirs of the estate about $2,088.85. After applying the personal property in paying the liabilities there would remain liabilities to the amount of $1,211.15, to be paid out of the real estate. It will be observed from this that the heirs were interested in the real estate to the extent of more than $2,000. Their guardian *ad litem* had appeared in the proceeding to sell said real estate and consented to the sale, and after the sale was made and a return of such sale made to the probate court for confirmation, the guardian *ad litem* being satisfied with the sale, of course, raised no objection to it. But the appellant who had purchased said real estate at the sale did raise certain objections to the proceeding for the sale and objected to the confirmation thereof. The court, however, overruled his objections and confirmed the sale. The appellant was thus endeavoring to defeat the sale which was satisfactory to the heirs and their guardian *ad litem*. It is very apparent that they would be affected by a modification or a reversal of the order confirming the sale. That being true, they were adverse parties to said proceeding to set aside

the sale, and their guardian *ad litem* should have been served with the notice of appeal.

It is contended by counsel for appellant that as the guardian *ad litem* did not appear at the hearing for the confirmation of said sale, he is not entitled to service of a notice of appeal, as that was a separate proceeding and a separate order from that consenting to the sale. We are unable to concur in this contention, for when an application is made by an administrator to sell real estate of an intestate, the hearing of the application to sell and the hearing on the confirmation of the sale, if one follows, are all parts of one and the same proceeding—that is, the proceeding to sell real estate—and after the guardian *ad litem* appeared and consented to the sale, he had then appeared in the proceeding to sell and was entitled to be served with notice of appeal from any and all orders made in said matter. We cannot segregate the several things that must be done by a probate court in ordering and confirming a sale and hold each part thereof a separate proceeding. The proceeding is begun by filing the petition of the administrator and is ended by the confirmation of the sale and delivery of the deed to the purchaser. It is a theory of our law that every person interested shall have his day in court, and for that purpose must be served with proper notice and given an opportunity to appear if he cares to do so. As all of the property of one who dies without disposing of it by will passes to the heirs of the intestate, subject to the control of the probate court, and to the possession of an administrator, those heirs are pecuniarily interested in all of said property, and especially is that true if all the property is of sufficient value to pay all the debts of the intestate and leave a surplus for the heirs. The motion to dismiss must be sustained, and it is so ordered, without prejudice to another appeal. Costs are awarded to the respondent.

Stockslager, C. J., and Ailshie, J., concur.

(January 16, 1907.)

ON PETITION FOR REHEARING.  ·

[87 Pac. 1152.]

AILSHIE, C. J.—A petition for rehearing has been filed in this case, and while it does not present any new question we have thought it best to refer to some of the points dwelt upon therein.    Counsel for petitioner argues that the decision of this court renders ineffective the provisions of section 1 of the act of March 11, 1903 (Sess. Laws 1903, p. 372).    By the provisions of that section the appellant is only required to serve such adverse parties as "appeared upon the motion or proceeding which the appellant desires to have reviewed or upon their attorneys."    We have not intended to go beyond the provisions of that statute and have not done so.    In the case at bar the minors appeared through their guardian *ad litem* at the time the order of sale was made, and we hold that each step taken from the time the order of sale was made until its confirmation constituted only a part of the one "proceeding."    It is true that under section 4831, Revised Statutes, an interested party dissatisfied with the order or decision of the court may appeal either from an order directing a sale or from an order directing a conveyance of the property.    An appeal, however, from the order directing a conveyance would not authorize a review of the action of the court in directing a sale, since the statute has specifically authorized an appeal from each order and has fixed a time within which each appeal must be taken.    That all the various steps necessary and required to be taken in order to make a sale and give title to real estate by direction of the probate court are each a part of one "proceeding" within the meaning of section 1 of the act of March 11th (Sess. Laws 1903, p. 372), we have no doubt whatever.    All of the various steps in such proceeding look to only one end; namely, the pass-

ing and transfer of title and receipt of the consideration therefor. A party interested might object, in the first place, to an order being made directing sale, but he might on the other hand be desirous of having such order made but object to a confirmation of a sale on the ground that an inadequate price had been offered. On the other hand, a bidder for the property, as in the case at bar, who had no interest in the matter at the time the order of sale was made, and who could not have appealed from such order, might desire to appeal from the order either confirming or refusing to confirm the sale, as is true in this case. Now, we have not held that heirs must be served with notice of appeal who had in fact never appeared in the proceeding wherein the sale had been ordered and the conveyance directed, but we do hold that where an heir appeared at any time in that proceeding he is entitled to service of notice of appeal. In such case he becomes an adverse party within the meaning of the statute. The petition for rehearing is denied.

Sullivan, J., concurs.

Stewart, J., took no part in the decision.